**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Marlene Green-Cooper, Shenika Thomas, Fred Sanders, Daniel Summers, and Christopher Lang, and Eric Steinmetz, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Brinker International, Inc.,<br><br>Defendant. | Case No.:  18-cv-00686-TJC-MCR<br><br>**CLASS ACTION** |
| Michael Franklin, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Brinker International, Inc.<br>d/b/a Chili's Grill & Bar,<br><br>Defendant. | Case No.:  2:18-cv-05323-JAK-AGRx<br><br>**CLASS ACTION** |
| Peter Alamillo, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Brinker International, Inc.,<br><br>Defendant. | Case No.:  3:18-cv-01190-BJD-JBT<br><br>**CLASS ACTION** |

**UNOPPOSED MOTION FOR CONSOLIDATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2)**

Pursuant to Federal Rule of Civil Procedure 42 and Local Rule 1.04 (c) of the United States District Court, Middle District of Florida, Plaintiffs Marlene Green-Cooper, Shenika Thomas, Fred Sanders, Daniel Summers, Christopher Lang, and Eric Steinmetz ("Plaintiffs") respectfully move the Court for consolidation of related cases pending in this District (as well as any related cases hereafter filed in, transferred to, or removed to this District) under a new caption, *In re: Brinker Data Incident Litigation*. Plaintiffs submit that the Court should consolidate the following related cases with the present matter (hereinafter, collectively the "Related Cases") into *In re: Brinker Data Incident Litigation*:

1. *Michael Franklin, individually and on behalf of all others similarly situated v. Brinker International, Inc. d/b/a Chili's Grill & Bar*, Case No. 2:18-cv-05323-JAK-AGRx; and

2. *Peter Alamillo, individually and on behalf of all others similarly situated v. Brinker International, Inc.*, Case No. 3:18-cv-01190-BJD-JBT.

Each of the Related Cases arise from a data incident that occurred from March through April 2018 at certain Chili's restaurants, owned and operated by Defendant Brinker International, Inc. ("Brinker"). Because the Related Cases involve alleged common questions of law and fact, consolidation will be the most efficient and effective way of litigating these claims and will avoid duplication in the prosecution or resolution of cases. The parties in the Related Cases have agreed that the cases should be consolidated into a single, unified action.

Concurrently with this motion, a Notice of Consolidation is being filed in the *Franklin* and *Alamillo* matters.

Plaintiffs also respectfully move the Court to consolidate any and all related cases subsequently filed, transferred or removed to this District.

## MEMORANDUM OF LAW

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . " Fed. R. Civ. P. 42(a)(2). "This rule is a codification of the trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fed. Ins. Co. v. Banyon 1030-32, LLC*, No. 8:10-CV-1422-T-33AEP, 2010 WL 3212119, at *1 (M.D. Fla. Aug. 12, 2010) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). The Local Rules of this District provide for consolidation of related cases before one judge where they share a common question of law or fact, or consolidation would avoid "prospective duplication in the prosecution or resolution of the cases for any or all purposes" in accord with Fed. R. Civ. P. 42. LR. 1.04(c).

Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district. *See*, *Hargett v. Valley Fed'l Savings Bank,* 60 F.3d 754, 765 (11thCir. 1995). Courts in this Circuit have long been "encouraged [. . .] to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (internal citations and quotations omitted). In deciding whether to consolidate cases, a court should consider:

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

*Id*. (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

Where two or more actions against the same group of defendants share key factual and legal questions—including, as here, where the actions arise from the same data incident—

consolidation under Rule 42(a) is warranted. *See Kaplan v. 21st Century Oncology Holdings*, Nos. 2:16-cv-210-FtM-99MRM, *et al.*, 2016 WL 4204781, at *1 (M.D. Fla. Aug. 10, 2016) (adopting Magistrate Judge's Report and Recommendation that data breach cases be consolidated for pretrial purposes). Consolidating the Related Cases and any later filed or removed cases will streamline and organize this litigation, allowing the Court to efficiently resolve the nearly identical legal and factual issues.

Consolidation will not cause any prejudice, inconvenience, or delay and will not impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief, and are in similar procedural postures. No scheduling or case management orders have been entered in any of the Related Cases, so consolidation at this early stage will maximize judicial economy.  By contrast, allowing these cases to proceed in different courts pursuant to different schedules would be needlessly duplicative, confusing, and inefficient.

Consolidation will allow the parties to avoid duplication during discovery because the Related Cases will likely involve the same relevant documents and the same potential deponents from Defendant. Consolidation will further the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation, while imposing no significant prejudice. *See Kaplan*, 2016 WL 4204781, at *1.

Because consolidation here serves the interest and convenience of both the parties and the Court through its promotion of judicial economy and efficiency, and because consolidation will not prejudice any party to the Related Cases, Plaintiffs respectfully request that the Court enter an Order consolidating this case with *Franklin* and *Alamillo*.

## RULE 3.01(G) CERTIFICATION

The Parties have conferred regarding this motion and Defendant does not oppose the relief requested herein. Additionally, the plaintiffs in *Franklin* and *Alamillo* also agree that consolidation is appropriate.

Dated: October 23, 2018                    Respectfully submitted,

*Attorneys for Plaintiffs and the*          *Attorneys for Defendant Brinker*
*Proposed Class*                             *International, Inc.*

/s/ *Jean Sutton Martin*                     /s/ *W. Drew Sorrell*
 Jean Sutton Martin                          W. Drew Sorrell

JEAN SUTTON MARTIN                           W. DREW SORRELL (FBN 160903)
jeanmartin@forthepeople.com                  drew.Sorrell@lowndes-law.com
**MORGAN & MORGAN**                          **LOWNDES, DROSDICK, DOSTER,**
**COMPLEX LITIGATION GROUP**                 **KANTOR & REED, P.A.**
2018 Eastwood Road, Suite 225                215 North Eola Drive
Wilmington, North Carolina 28403             Post Office Box 2809
Telephone: (813) 559-4908                    Orlando, Florida 32802-2809
Facsimile: (813) 222-4795                    Telephone:    (407) 843-4600
                                             Facsimile:    407-843-4444

PATRICK A. BARTHLE (FBN 99286)
pbarthe@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 229-4023
Facsimile: (813) 222-4708

Joined by:
WILLIAM B. FEDERMAN
**Federman & Sherwood**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile:  (405) 239-2112
wbf@federmanlaw.com

*Attorneys for Plaintiff and the proposed Class*
*Peter Alamillo, individually and on behalf of all others similarly situated v. Brinker*

*International, Inc.*, Case No. 3:18-cv-01190-BJD-JBT

GRAHAM B. LIPPSMITH
**Kasdan LippSmith Weber Turner LLP**
360 East 2nd Street, Suite 300
Los Angeles, CA 90012
Telephone: (213) 254-4800
Facsimile: (213) 254-4801
glippsmith@klwtlaw.com

*Attorneys for Plaintiff and the proposed Class*
*Michael Franklin, individually and on behalf of all others similarly situated v. Brinker*
*International, Inc. d/b/a Chili's Grill & Bar*, Case No. 2:18-cv-05323-JAK-AGRx

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jean S. Martin