## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| *In re: Brinker Data Incident Litigation* | Case No.: 3:18-cv-00686-TJC-MCR |

## PLAINTIFFS' PROPOSED NOTICE PLAN

Pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, the Court's Order granting class certification (Dkt. 167), and the Court's Order for submissions regarding Class notice (Dkt. 170), Plaintiffs Shenika Theus, Michael Franklin, and Eric Steinmetz (collectively, "Plaintiffs"), on behalf of themselves and the Class, hereby submit the following in support of their proposed notice plan ("Notice Plan") for the Court's approval:

**I.      INTRODUCTION**

On July 7, 2021, the Court ordered the Plaintiffs to submit a proposed Class notice plan for the Court's approval. Since then, counsel for Plaintiffs worked to identify available contact information for Class Members. Plaintiffs' counsel also worked to select a notice administrator, develop the proposed Notice Plan, and prepare the proposed notice ("Notice"). Class Counsel selects and proposes that Angeion Group ("Angeion") be engaged to implement the proposed Notice Plan,

1

provide toll-free telephone support to the Class, and administer the opt-out process for the Class. Details of Angeion's qualifications and of its program to implement the Notice Plan are included with the Declaration of Steven Weisbrot of Angeion Group, LLC Re: Proposed Notice Plan ("Weisbrot Dec."), attached hereto as **Exhibit 1**.

Plaintiffs' counsel shared the proposed Notice Plan with Brinker's counsel and invited them to provide their comments and/or suggested edits. Brinker's counsel, however, flatly refused to provide input and instead advised that Brinker intends to file objections to the proposed Notice Plan. *See* Section V, *infra*.

## II.    THE PROPOSED NOTICE

Rule 23(c)(2)(B) requires that notice clearly and concisely state the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may appear through an attorney; (v) that the court will exclude any class member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members pursuant to Rule 23(c)(3). Ultimately, adequate notice is achieved "if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, §11:53, 167 (4th ed. 2002).

The Proposed Long Form Notice and email notice include all necessary information in clear and plain language, including: the nature of the pending lawsuit

concerning the Data Breach affecting certain debit and credit card purchases made at Chili's restaurant locations during March and April 2018; instructions for people to determine whether they are indeed members of the Class; the specific definitions of the classes certified by the Court; information regarding Class Members' available options, including how to be excluded from the Class and why someone may want to be excluded; important deadlines, including the deadline to opt out of the Class; the binding effect of a Class judgment on Class Members; the fact of representation by Class Counsel and Class Counsel's contact information; Class Members' right to obtain independent counsel; that more information may be obtained by visiting the case-dedicated website and the URL for that website; and the toll-free telephone number Class Members can use to access additional information. Weisbrot Dec. Exs. B & D.

Class Counsel will work with Angeion to develop the case-dedicated website notice using the contents of the Long Form Notice. In addition, an internet banner notice will notify and direct Class Members to the case-dedicated website, where they can find more information about the class action. Weisbrot Dec. ¶ 31, Ex. C.

### III.   METHOD FOR DETERMINING WHO WILL RECEIVE NOTICE

Rule 23(c)(2) "requires notice be provided to all class members in a class action, and directs that notice be the best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable

3

effort." *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001) (internal quotation and citation omitted).

The proposed Notice Plan identifies as many Chili's customers who may have been affected by the Data Breach as possible and provides notice to those individuals. First, Plaintiffs requested and received the list of My Chili's Rewards program members who received emails about the Data Breach from Brinker. Customers Brinker chose to contact about the Data Breach is a group reasonably targeted for Notice. In addition, Plaintiffs obtained email addresses for My Chili's Rewards program members whose account numbers were connected to payment transactions made at Chili's locations during the time period of the Data Breach. Combined, this data includes a total of 1,435,033 unique email addresses.[1] Weisbrot Dec. ¶ 15.

This Notice Plan will also provide notice of the litigation to a targeted group of absentee Class Members for whom direct contact information is not yet known through a media notice campaign. Weisbrot Dec. ¶ 21. Using the class definitions in the Court's April 14, 2021 Order certifying the Classes (Dkt. 167) as a starting point, Angeion worked to determine "an appropriate Target Audience based on criteria pertinent to this litigation." *Id*. at ¶ 23. This target audience consists of qualified

---

[1] The Class requested contact information for Chili's customers who contacted Brinker about the Data Breach. Brinker has indicated it is still compiling and reviewing that information and has not yet determined whether it will supplement the customer data it has provided to the Class.

persons who have self-identified as Chili's customers, using the leading, objective syndicated data, and who are enrolled in a restaurant loyalty/rewards program. *Id.* at ¶¶ 23–25. "Including the loyalty/rewards program criteria increases the likelihood that members of the Target Audience are also repeat Chili's customers." *Id.* at ¶ 24. The Target Audience for the media notice campaign consists of a total of approximately 6,372,000 individuals. *Id.*

Brinker's complaints that the Class's Notice Plan targets an overbroad audience are without merit. Though the Target Audience includes Chili's customers who might not have been directly impacted by the Data Breach, "[u]sing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among medica planners and class action notice experts alike." *Id.* Moreover, a notice plan is not over-inclusive if every person receiving notice is a potential class member. *Mohamed v. Off Lease Only, Inc.*, 2018 WL 398326, at *2 (S.D. Fla. Jan. 12, 2018).

### IV. PROPOSED METHOD OF PROVIDING NOTICE

Plaintiffs and the Class propose a robust, multi-part Notice Plan to ensure that notice reaches as many Class Members as is reasonably possible. Specifically, Plaintiffs propose the following methods of providing notice to the Class: (1) email notice to 1,435,033 unique email addresses from the datasets provided by Brinker; (2) programmatic banner ads and a paid social media campaign, achieving an

estimated 12,553,846 impressions; and (3) establishing a case-dedicated website where all forms of notice will be published and a toll-free telephone number will be provided for Class Members to use to access additional information about the class action. The digital and social media portions of this Notice Plan are designed to deliver an approximate reach of 70.10% of the Class with an average frequency of 2.81 times each, which meets or exceeds the guidelines set by the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. Weisbrot Dec. ¶¶ 38–39.

### A. Direct Email Notice

As discussed above, notice will be sent by email to 1,435,033 known Chili's customers who were notified about the Data Breach by Brinker and whose My Chili's Rewards program numbers were used during the Data Breach period. This email notice will be sent absent the characteristics that might otherwise inhibit delivery or result in delivery as spam, including providing a link to pertinent documents rather than including those documents as attachments to the emails. Weisbrot Dec. ¶ 17. Angeion will make every effort to ensure the accuracy of the recipient email addresses by conducting an email updating process and reviewing email addresses for errors. *Id*. at ¶ 18. Any email notices that are identified as undelivered or soft bounces after 24–72 hours have elapsed from the initial email attempt will be sent again to optimize delivery. *Id*. at ¶ 19. Once the direct email

notice campaign is complete, Angeion will provide the Court with a report accounting for the number of delivered and undeliverable email notices. *Id.* at ¶ 20.

### B. Media Notice

In addition to the direct email notice campaign, Angeion has developed a targeted media campaign designed to reach absentee Class Members. The media portion of the proposed Notice Plan will use online banner ads strategically designed to notify the Class of the lawsuit and direct them to the case-dedicated website. *Id.* at ¶ 21. This online media campaign will utilize Programmatic Display Advertising, which uses an algorithm for demographic profiling and advanced technology to place advertisements on websites most likely to be visited by the Target Audience. *Id.* at ¶ 22. As stated above, the Target Audience here includes repeat Chili's restaurant customers. Section III, *supra*. The Target Audience also consists of people who use the internet an average of 29 hours per month, with 90.94% of them having used social media in the last 30 days. *Id.* at ¶¶ 26–27.

The Angeion media notice program also includes a social media campaign, capitalizing on the significant use of social media by the Target Audience. This social media campaign will engage the Target Audience via Facebook and Instagram desktop sites, mobile sites, and mobile apps through newsfeeds, right-column ads, and Stories ads. *Id.* at ¶¶ 32–33. Angeion will also use the Facebook Marketing platform and its technology to serve ads on Facebook and Instagram,

*look-a-like modeling* to use consumer characteristics to serve the notice ads, and *Conquesting* to allow for relevant ad placement, better ensuring that the messaging is delivered to the Target Audience. *Id*. at ¶ 34.

The Target Audience's significant internet use, coupled with the demonstrated strength of digital advertising, favors Angeion's recommended, robust internet advertising campaign. *Id*. at ¶ 28. The social media campaign and programmatic display advertising portions of the Notice Plan are designed to deliver about 12.5 million impressions altogether. *Id*. at ¶ 35.

### C. Case-Dedicated Website and Toll-Free Telephone Number

The Class will also be able to receive notice by visiting a case-dedicated website or by calling a case-dedicated toll-free telephone number for additional information. The case-dedicated website will host general information about this class action, will post important documents for the Class, including the Long Form Notice, and will provide important dates and deadlines applicable to the Class. Weisbrot Dec. ¶ 36. The case-dedicated website will be easy for Class Members to navigate and obtain important information, and it will have a "Contact Us" page where Class Members can submit questions they may have to a case-dedicated email address. *Id*. Class Members will also be able to obtain responses to frequently asked questions, obtain essential information about the litigation, and

request a Long Form Notice by calling a toll-free number devoted to this case. *Id*. at ¶ 37.

## V. BRINKER'S RESPONSE TO THE PROPOSED NOTICE PLAN

In the hopes of providing the Court with an agreed-upon Notice Plan, Plaintiffs' counsel shared the proposed Notice Plan and Long Form Notice with counsel for Brinker on August 5, 2021 to obtain, and take into consideration, any comments or questions Brinker may have as to the proposed Plan. In response, Brinker refused to provide input. Instead, Brinker's counsel advised that Brinker intended to object to the proposed Plan. The purported basis Brinker offered for its obstinate position was to simultaneously complain that the proposed Notice Plan is overbroad in its reach *and* "fails to protect the due process rights of absent putative (sic) class members." *See* **Exhibit 2** (August 5, 2021 – August 10, 2021 Emails between Class Counsel and Counsel for Brinker re Chili's Data Breach Notice Plan). Class Counsel again invited Brinker to provide suggestions as to how to address its complaints about the Notice Plan, hoping to avoid presenting a dispute to the Court. *Id*. Brinker never responded, refusing to further engage in efforts to present the Court with an agreed-upon Notice Plan. *Id*.

It appears that Brinker's strategy is to simply reject *any* proposed Notice Plan. Indeed, rather than engaging with Plaintiffs to provide the required notice to Class Members, Brinker seems determined to use the notice proceedings to

9

improperly re-litigate the Court's class certification Order (Dkt. 167). *See id.* Brinker's actions ignore two unavoidable realities: (1) that the Court certified the class; and (2) that notice must be provided. The Court should reject Brinker's specious attempts to argue issues that have already been decided. Indulging Brinker here would only result in the waste of judicial resources and the unnecessary delay of notice to the Class.

## VI. CONCLUSION

Based on the foregoing, Plaintiffs and the Class respectfully request entry of an order approving this Notice Plan, providing 30 days from the date of approval for Plaintiffs to certify that Notice has been sent, and setting a deadline of 60 days from the date Notice is sent for Class Members to request exclusion from the Class.

Dated: August 13, 2021

                                            Respectfully Submitted,

                                            *Counsel for Plaintiffs and the Class*

                                            /s/ *Graham B. LippSmith*
                                            GRAHAM B. LIPPSMITH
                                            Admitted *Pro Hac Vice*
                                            JACLYN L. ANDERSON
                                            Admitted *Pro Hac Vice*
                                            **LIPPSMITH LLP**
                                            555 South Flower Street, Suite 4400
                                            Los Angeles, CA 90071
                                            Telephone: (213) 344-1820
                                            Facsimile: (213) 513-2495

Email: g@lippsmith.com
Email: jla@lippsmith.com

JEAN S. MARTIN
Admitted *Pro Hac Vice*
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
Facsimile: (813) 222-4795
Email: jeanmartin@ForThePeople.com

WILLIAM B. FEDERMAN
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: wbf@federmanlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2021, I caused the foregoing **PLAINTIFFS' PROPOSED NOTICE PLAN** to be served via the Court's CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

/s/ *Graham B. LippSmith*
GRAHAM B. LIPPSMITH

11